**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH NOGLE, | ) |
| Plaintiff, | ) Case No. 2:10-cv-01092-KJD-GWF |
| vs. | ) **ORDER** |
| BEECH STREET CORPORATION, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's and Defendant's Statements Regarding Estimated Cost of Restoring Back-up Tapes (#146 and #147), filed on September 24, 2012. In Order (#129) filed on August 27, 2012, the Court deferred decision on Plaintiff's motion to compel Defendant Beech Street to restore its pre-February 2007 emails, which are stored on back-up tapes, so the same may be searched for a 2006 written payor agreement between Defendant Beech Street and the LVMPD Trust, or between Beech Street and Fiserv, relating to Beech Street's provider network. The Court directed the parties to confer with each other and provide additional information as to the cost of restoring and searching the emails. The Court stated that it would then determine whether to order the restoration and search and, if so, whether to shift all or a portion of the restoration and search costs to Plaintiff.

The estimates provided by both parties demonstrate that the cost for restoring and searching the pre-February 2007 emails will be substantial. Plaintiff states that he cannot afford to pay for the restoration and search costs. Plaintiff also states that he will rely on the testimony of Beech Street's client manager that in 2006 Beech Street and the LVMPD Trust were operating under a letter of intent. Based on that testimony, Plaintiff believes no further search for the 2006 written payor

agreement is necessary.  Accordingly, this Court will not order the restoration or search of the pre-February 2007 emails since the costs of such discovery will outweigh its benefit under the factors set forth in Fed.R.Civ.Pro. 26(b)(2)(C)(iii) and in the 2006 Advisory Committee Notes to Rule 26(b)(2)(B).  *See Order (#129), pgs. 9-10.*

Defendant Beech Street has previously represented that it has made a diligent search of its accessible electronically stored information and paper records, and has disclosed and produced the information and documents responsive to Plaintiff's discovery requests.  Plaintiff requests that "the Court enter an order that discovery is over and that Beech Street has produced all documents in its possession responsive to the discovery requests.  In other words, we seek an order acknowledging that Beech Street has searched/produced all reasonably accessible Electronically Stored Information and no further document productions will be permitted."  *Plaintiff's Statement (#147), pg. 2.*

The discovery period in this action has now expired.  Therefore, all documents or information that are required to be disclosed or produced pursuant to Fed.R.Civ.Pro. 26(a), or in response to interrogatories and requests for production should already have been produced.  Because it is speculative whether either party will hereafter produce or seek to introduce information or documents not previously produced, the Court will not enter a preemptive order regarding such matters.  The burden, however, will be on the party disclosing or producing such information or documents to demonstrate good cause why they were not produced within the discovery period and why the party should be permitted to use such information or documents at trial.  *See* Rules 26(e) and 37(c).

**IT IS SO ORDERED.**

DATED this 25th day of September, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge