# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH NOGLE,

    Plaintiff,

v.

BEECH STREET CORPORATION, *et al.*,

    Defendants.

Case No. 2:10-CV-01092-KJD-GWF

**ORDER**

Presently before the Court is Defendant Beech Street Corporation's Motion for Summary Judgment on Plaintiff's Claim for Negligent Credentialing (#75). Plaintiff filed a response in opposition (#98) to which Defendant replied (#126). Also before the Court is Plaintiff's Motion to Strike (#138). Defendant Beech Street filed response in opposition (#152) to which Plaintiff replied (#159). Defendant also filed a Motion for Leave to file Sur-reply (#165). Plaintiff filed a response in opposition (#167).

I. Facts

Plaintiff began employment with the Las Vegas Metropolitan Police Department ("Metro") in July 2003. As an employee of Metro, Plaintiff was a member of the Las Vegas Metropolitan Police Employee and Welfare Trust Plan ("the Plan"). Defendant Beech Street Corporation ("Beech Street") was contracted to produce a provider network for the Plan.

On or about November 1, 2006, Plaintiff had an appointment with the Endoscopy Center of Southern Nevada ("ECSN") and scheduled a colonoscopy for November 15, 2006.  On November 6, 2006, Beech Street, on behalf of the Plan, authorized the colonoscopy as a medically necessary procedure and sent correspondence notifying Plaintiff.   Plaintiff underwent the procedure on November 15, 2006.

The Summary Plan Description ("SPD") for the Plan issued on April 1, 2007 clearly identifies Beech Street as the health care management company and preferred provider organization for the Plan.  Further, Plaintiff's Plan identification card identified Beech Street as the preferred provider organization.

In January 2008, the Southern Nevada Health District received notice from local physicians of several acute Hepatitis C cases. After an investigation by the Health District, and the Center for Disease Control and Prevention, it was determined that ECSN engaged in unsafe aseptic techniques that led to many of the Hepatitis C infections.

On February 27, 2008, the Health District sent Plaintiff a letter recommending that he undergo testing for Hepatitis C due to his high risk of exposure related to his treatment at ECSN.  On March 7, 2008, Plaintiff was tested for and diagnosed with Hepatitis C.

On February 27, 2009, Plaintiff filed the present action in Nevada state court asserting that Defendant FiServ was negligent and breached the implied covenant of good faith and fair dealing. Plaintiff asserted that as part of its administration of Plaintiff's employee benefit plan, FiServ had a duty to adopt and implement a quality assurance program to direct, evaluate, and monitor the effectiveness of the health care services provided by ECSN to the Plan's insureds.  Further, Plaintiff alleges that defendant knew or should have known that ECSN engaged in unsafe medical practices including aseptic techniques which exposed insureds to the risk of blood borne pathogens such as Hepatitis C.  The complaint was not immediately served.  FiServ was finally served on June 3, 2010. FiServ removed the case to federal court on July 2, 2010.

On August 31, 2010, the Plaintiff filed a stipulation to dismiss FiServ and amend the complaint to add Beech Street as a new defendant.  On September 8, 2010, Plaintiff filed his First Amended Complaint (#10).  The allegations against Beech Street are nearly identical to those made against FiServ.  Beech Street and FiServ have no common ownership.   Beech Street has now moved for summary judgment asserting that the statute of limitations bars Plaintiff's claim.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

1   issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d

2   1054, 1061 (9th Cir. 2002).

3         Summary judgment shall be entered "against a party who fails to make a showing sufficient

4   to establish the existence of an element essential to that party's case, and on which that party will

5   bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted

6   if a reasonable jury could return a verdict for the nonmoving party.  <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

7   <u>III.  Analysis</u>

8         While Nevada law has recognized the tort of corporate negligence in a hospital setting, no

9   authority has specifically recognized a cause of action for negligent credentialing.  However, Plaintiff

10  brings a claim for negligence arising under an alleged general duty "to investigate and monitor the

11  medical practices at the clinic" and arising under statutory duties which "Plaintiff is within the class

12  of persons intended to be protected by[.]" The Court need not speculate as to whether Nevada would

13  recognize a tort of negligent credentialing or whether there is an implied right to bring a private

14  action based on the Nevada statute, or even whether Beech Street is an entity covered by the Nevada

15  statute, because even if Plaintiff has adequately stated a cause of action under Nevada law, it is

16  barred by the statute of limitations.

17        Nevada Revised Statute 11.190 states: "actions . . . may only be commenced as follows:

18              . . . 4. Within 2 years:

19                    . . . (e) Except as otherwise provided in NRS 11.215, an action to recover
                   damages for injuries to a person . . . caused by the wrongful act or neglect of another.

20  Nev. Rev. Stat. § 11.190(4)(e).  The Nevada Supreme Court recognizes "that a cause of action does

21  not accrue, and the statute does not begin to run until a litigant discovers, or reasonably should have

22  discovered facts giving rise to an action."  <u>Beazer Homes Nevada, Inc. v. The Eighth Judicial Dist.</u>

23  <u>Ct.</u>, 97 P.3d 1132, 1138 (Nev. 2004); <u>see</u> <u>also</u> <u>Bemis v. Estate of Bemis</u>, 967 P.2d 437, 440 (Nev.

24  1998).  Plaintiff correctly asserts that under the "discovery rule" the statute of limitations should not

25  commence to run "until the plaintiff with due diligence knows...the identity of the allegedly

26

4

responsible defendant." <u>Siragusa v. Brown</u>, 971 P.2d 801, 807 (Nev. 1998)(quoting <u>Spitler v. Dean</u>, 436 N.W.2d 308, 310 (Wis. 1989)(emphasis removed).  The <u>Siragusa</u> court quoted further from <u>Spitler</u>: "However . . . the expansion of the discovery rule carries with it the requirement that the plaintiff exercise reasonable diligence . . . Plaintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars within their reach."  <u>See id.</u> (quoting <u>Spitler</u>, 436 N.W.2d at 310-11).

Plaintiff asserts that there is no direct evidence that he knew before September 8, 2008 (two years before the complaint was filed against Beech Street) that Beech Street was the entity responsible for conducting quality assurance over the providers in the Plan.  However, the evidence demonstrates that Plaintiff had three clear indications that would have put a reasonable person on notice that Beech Street may have had responsibility for conducting quality assurance over the Plan providers.  First, on November 6, 2006, Beech Street sent correspondence to Plaintiff notifying him that his preauthorization request had been granted and the colonoscopy to be conducted at ECSN was medically appropriate.  The preauthorization was clearly conducted by Beech Street.  Furthermore, the correspondence stated that the "Beech Street Utilization Management program . . . is designed to ensure the availability of high quality health care at affordable cost."

Next, the SPD's for 2004 and 2007 identified Beech Street as both the health care management company and preferred provider organization for the Plan.  Finally, Plaintiff's health identification card also identified Beech Street as the preferred provider organization for the Plan.

Alone, any of these facts could have been enough to put Plaintiff on notice of his potential cause of action against Beech Street.  However, the preauthorization correspondence which stated Beech Streets' duty to ensure high quality health care, in addition to the SPDs and Plaintiff's health insurance card, was enough for any reasonable person to identify Beech Street as a potential defendant.   Thus, when Plaintiff became aware on March 7, 2008 that he had contracted Hepatitis C, likely through the actions of the provider preauthorized by Beech Street, the statute of limitations began to run.

1    Plaintiff asserts that he either had no knowledge of these facts or no reasonable person would

2  recognize that he had a claim against Beech Street.  However, "Plaintiffs may not close their eyes to

3  means of information reasonably accessible to them[.]" Id.  According to Nevada law, a plaintiff

4  discovers his injury "when he knows, or through the use of reasonable diligence, should have known

5  of the fact that would put a reasonable person on inquiry notice of his cause of action." Winn v.

6  Sunrise Hospital & Medical Center, 277 P.3d 458, 462 (Nev. 2012).  A person is put on "inquiry

7  notice" when he should have known of facts that "would lead an ordinary prudent person to

8  investigate the matter further." Winn, 277 P.3d at 462.  These facts need not pertain to precise legal

9  theories the plaintiff may ultimately pursue, but merely to the plaintiff's general belief that

10  someone's negligence may have caused his injury. Id.  The Court finds that Plaintiff knew or should

11  have known of his potential claim against Beech Street no later than March 7, 2008.  Thus, for his

12  claim to be filed timely under Nevada's statute of limitations, he must have filed his complaint

13  against Beech Street no later than March 7, 2010.  Instead, Plaintiff's amended complaint, naming

14  Beech Street as a defendant for the first time, was filed on September 8, 2010. Therefore, the Court

15  grants Defendant's motion for summary judgment.

16  IV.  Motion to Strike

17    Plaintiff has also moved to strike Marcy Feller's Declarations in support of the motion for

18  summary judgment.  However, Feller, as corporate representative for Beech Street, is entitled to

19  testify based on her knowledge of the corporation and review of corporate records.  Thus, her

20  statement that Beech Street had no notice of Plaintiff's lawsuit until Beech Street was served on

21  September 13, 2010 is appropriate based on her review of corporate records.  Her lack of personal,

22  direct knowledge of events before March of 2010 when Beech Street was acquired by MultiPlan goes

23  to the weight of her testimony, not to its admissibility.  Furthermore, even if the Court granted the

24  motion to strike, it would not affect the Court's ruling on summary judgment.  The motion to strike is

25  denied.

26

6

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Beech Street Corporation's Motion for Summary Judgment on Plaintiff's Claim for Negligent Credentialing (#75) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#138) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Leave to file Sur-reply (#165) is **DENIED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 20th day of March 2013.

_____
Kent J. Dawson
United States District Judge