# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH NOGLE,

    Plaintiff,

v.

BEECH STREET CORPORATION,

    Defendant.

Case No. 2:10-CV-01092-KJD-GWF

**ORDER**

    Presently before the Court is Defendant Beech Street Corporation's Motion for Attorney Fees (#181). Plaintiff filed a response in opposition (#186) to which Defendant replied (#188).

**I. Background**

    Plaintiff began employment with the Las Vegas Metropolitan Police Department ("Metro") in July 2003. As an employee of Metro, Plaintiff was a member of the Las Vegas Metropolitan Police Employee and Welfare Trust Plan ("the Plan"). Defendant Beech Street Corporation ("Beech Street") was contracted to produce a provider network for the Plan.

    On or about November 1, 2006, Plaintiff had an appointment with the Endoscopy Center of Southern Nevada ("ECSN") and scheduled a colonoscopy for November 15, 2006. On November 6, 2006, Beech Street, on behalf of the Plan, authorized the colonoscopy as a medically necessary

procedure and sent correspondence notifying Plaintiff. Plaintiff underwent the procedure on November 15, 2006.

The Summary Plan Description ("SPD") for the Plan issued on April 1, 2007 clearly identifies Beech Street as the health care management company and preferred provider organization for the Plan. Further, Plaintiff's Plan identification card identified Beech Street as the preferred provider organization.

In January 2008, the Southern Nevada Health District received notice from local physicians of several acute Hepatitis C cases. After an investigation by the Health District, and the Center for Disease Control and Prevention, it was determined that ECSN engaged in unsafe aseptic techniques that led to many of the Hepatitis C infections.

On February 27, 2008, the Health District sent Plaintiff a letter recommending that he undergo testing for Hepatitis C due to his high risk of exposure related to his treatment at ECSN. On March 7, 2008, Plaintiff was tested for and diagnosed with Hepatitis C.

On February 27, 2009, Plaintiff filed the present action in Nevada state court asserting that Defendant FiServ was negligent and breached the implied covenant of good faith and fair dealing. Plaintiff asserted that as part of its administration of Plaintiff's employee benefit plan, FiServ had a duty to adopt and implement a quality assurance program to direct, evaluate, and monitor the effectiveness of the health care services provided by ECSN to the Plan's insureds. Further, Plaintiff alleges that Defendant knew or should have known that ECSN engaged in unsafe medical practices including aseptic techniques which exposed insureds to the risk of blood borne pathogens such as Hepatitis C. The complaint was not immediately served. FiServ was finally served on June 3, 2010. FiServ removed the case to federal court on July 2, 2010.

On August 31, 2010, the Plaintiff filed a stipulation to dismiss FiServ and amend the complaint to add Beech Street as a new defendant. On September 8, 2010, Plaintiff filed his First Amended Complaint (#10). The allegations against Beech Street are nearly identical to those made

against FiServ. Beech Street and FiServ have no common ownership. Beech Street moved for summary judgment asserting that the statute of limitations bars Plaintiff's claim.  Summary judgment was granted, and Beech Street now moves for attorney's fees.

**II. Standard and Analysis for Awarding Attorney's Fees**

"An award of attorney's fees incurred in a suit based on state substantive law is generally governed by state law." Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1024-25 (9th Cir. 2003) (citing Kona Enters., Inc. V. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). Defendant moves for attorney's fees under NRS 18.010(2)(b).  NRS 18.010(2)(b) holds that "the court may make allowance for attorney's fees to a prevailing party" when it finds that the opposing party's claim was "brought or maintained without reasonable ground or to harass the prevailing party."  Such a finding, however, must be supported by evidence in the record. Chowdry v. NVLH, Inc., 851 P.2d 459, 463 (Nev. 1993).  The claim will only be found frivolous if "it is not well grounded in fact or is not warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law." Simonian v. University & Community College System of Nev., 128 P.3d 1057, 1063 (Nev. 2006).  The fact that the claim did not prevail, or even the fact that a claim was determined to be without merit "alone is insufficient for a determination that the motion was frivolous, warranting sanctions." Rivero v. Rivero, 216 P.3d 213, 234 (Nev. 2009).  Rather, the reasonableness of the plaintiff's claims "depends on the actual circumstances of the case." Bergmann v. Boyce, 856 P.2d 560 (Nev. 1993).

In the instant case, Defendant has not met its burden to support a motion for attorney's fees with evidence from the record establishing that Plaintiff's claim was "brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b).  The only evidence from the record that Defendant cites in its motion is "the fact that the claim did not prevail," which is insufficient to render a claim frivolous. Rivero 216 P.3d at 234.

Although ultimately rejected by this Court, Plaintiff's arguments cannot be considered wholly without ground in fact or legal precedent.  At the very least, Plaintiff has advanced "a good faith argument for the extension, modification, or reversal of the law." <u>Simonian</u> 128 P.3d at 1063. Indeed, Defendant's behavior is inconsistent with the claim that Plaintiff's claim had no reasonable ground to begin with.  Defendant incurred $674,845.58 in attorney's fees over the course of twenty-one (21) months of discovery before moving for summary judgment.  Such activity does not reflect the opinion that Plaintiff's claim was groundless.

Because the ground on which the Court dismissed Plaintiff's Complaint was narrow and closely decided, and because Defendant has failed to cite evidence in the record establishing that Plaintiff pursued his claim in order to harass Defendant, the Court denies Defendant's motion for attorney's fees.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Beech Street Corporation's Motion for Attorney Fees (#181) is **DENIED**.

DATED this 31st day of May 2013.

_____
Kent J. Dawson
United States District Judge